IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| OPERATING ENGINEERS LOCAL 965 HEALTH BENEFIT PLAN, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL UNION 965 ANNUITY FUND, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, OPERATING ENGINEERS LOCAL 965 APPRENTICE TRAINING AND RETRAINING FUND, DOWNSTATE INFRASTRUCTURE ADVANCEMENT AND AWARENESS FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS 965 POLITICAL EDUCATION FUND, and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 965, <br><br> Plaintiffs, <br><br> vs. <br><br> LUKA COMPANY, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. ) ) ) ) |

## COMPLAINT

NOW COME Plaintiffs, OPERATING ENGINEERS LOCAL 965 HEALTH BENEFIT PLAN, *et al.*, by their attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, LUKA COMPANY, INC., and allege as follows:

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified as 29 U.S.C. §1001 *et seq.* ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See*, 29 U.S.C. §1132).

3.  Venue is proper in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See*, §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

4.  Defendant, Luka Company, Inc., maintains its principal place of business in Decatur, Illinois, which is located within the venue of the Urbana Division of the District Court for the Central District of Illinois.

5.  Plaintiff, Operating Engineers Local 965 Health Benefit Plan, is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA and is administered pursuant to the terms and provisions of a Restated Agreement and Declaration of Trust.  A copy of the pertinent provisions of the trust agreement for Plaintiff, Operating Engineers Local 965 Health Benefit Plan, is attached hereto as **Exhibit A** and fully incorporated herein and made a part hereof by this reference.

6.  Plaintiff, Operating Engineers Local 965 Health Benefit Plan, receives contributions from numerous employers, and therefore, is a multiemployer plan. (*See* 29 U.S.C. §1002).

7.  Plaintiff, Operating Engineers Local 965 Health Benefit Plan, is the collection agent for the other named Plaintiffs—which are either employee benefit funds (that are also maintained in accordance with the provisions of the LMRA and ERISA), labor organizations, or labor-management committees and/or funds (established pursuant to collective bargaining agreements between the International Union of Operating Engineers Local Union 965 and certain employer associations whose employees are covered by said collective bargaining agreements with the Union)—that collects the fringe benefit contributions and other amounts owed to Plaintiffs.  A copy of the pertinent provisions of the trust agreement for Plaintiffs,

International Union of Operating Engineers Local Union 965 Annuity Fund, Central Pension Fund of the International Union of Operating Engineers and Operating Engineers Training and Retraining Fund, is attached hereto as **Exhibits B, C,** and **D** and fully incorporated herein and made a part hereof by this reference.

8. Defendant is an "Employer" engaged in an industry within the meaning of §§1002 (5), (11), (12), and (14) of ERISA.

9. Defendant executed the Standard Form Area Agreement (*i.e.*, the collective bargaining agreement) on May 13, 2013. A copy of the Standard Form Area Agreement ("Agreement") executed by Defendant for the period of May 1, 2013 – April 30, 2016 is attached hereto as **Exhibit E** and fully incorporated herein and made a part hereof by this reference.

10. Defendant never terminated the Agreement.

11. Defendant is bound to the Agreement.

12. The Agreement was extended to April 30, 2019.

13. The Defendant is bound to the Agreement as extended.

14. Pursuant to the Agreement, Defendant is required to make contributions and other payments to Plaintiffs at the rates delineated in said Agreement, or as may be increased/redistributed as determined by the Union. (Exhibit E).

15. Pursuant to 29 U.S.C. §1145, Defendant is required to remit contributions in accordance with the terms and conditions of the Agreement and Plaintiffs' trust agreements. (*See*, 29 U.S.C. §1145).

16. Defendant employed individuals during the time period of May 2013 through the present, and said individuals performed hours of work and earned gross wages under the Agreement for which contributions and check-offs are owed to Plaintiffs.

17. Defendant has failed to timely pay Plaintiffs all of the required fringe benefit contributions and check-offs under the Agreement for the time period of May 2013 through current.

18. As a result of its failure to pay Plaintiffs the required fringe benefit contributions and check-offs, Defendant owes Plaintiffs liquidated damages and interest pursuant to Plaintiffs' trust agreements. (*See*, Exhibits A-D).

19. Defendant self-reported some of the hours worked by its employees, but Defendant failed to remit all of the required amounts to Plaintiffs.

20. Plaintiffs are unable to properly fund the accounts of Defendant's employees as a result of Defendant's omissions.

21. Defendant has, without good cause, failed to make payment of these amounts, despite its contractual obligation to do so.

22. Defendant breached the provisions of the Agreement and trust agreements by failing to pay fringe benefit contributions and other amounts in accordance with said Agreement to Plaintiffs during the time period of May 2013 through present. (*See*, Exhibits A-E).

23. As a result, Defendant is considered to be delinquent in its obligations to Plaintiffs.

24. Plaintiffs have demanded that Defendant pay Plaintiffs the contributions and other amounts owed, but Defendant has refused or otherwise failed to pay Plaintiffs the contributions owed.

25. Pursuant to the terms of the trust agreements, Defendant is liable for reasonable attorney's fees, court costs and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions. (*See*, Exhibits A, B, C, & D).

26. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorney's fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \*       \*       \*
>
> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> **(A)** the unpaid contributions,
>
> **(B)** interest on the unpaid contributions,
>
> **(C)** an amount equal to the greater of –
>
> **(i)** interest on the unpaid contributions, or
>
> **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> **(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> **(E)** such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions

shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

A. For a judgment in favor of Plaintiffs, OPERATING ENGINEERS LOCAL 965 HEALTH BENEFIT PLAN, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL UNION 965 ANNUITY FUND, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, OPERATING ENGINEERS LOCAL 965 APPRENTICE TRAINING AND RETRAINING FUND, DOWNSTATE INFRASTRUCTURE ADVANCEMENT AND AWARENESS FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS 965 POLITICAL EDUCATION FUND, and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 965, and against Defendant, LUKA COMPANY, INC., for all such monies due—including delinquent contributions, check-offs, liquidated damages, interest, and all applicable statutory remedies, for the time period of March 2013 through present—at the time Judgment is rendered;

B. That Defendant be decreed to pay Plaintiffs' reasonable attorney's fees and costs as provided by ERISA, 29 U.S.C. §1132(g)(2) and Plaintiffs' trust agreements;

C. That Defendant be decreed to pay all costs attendant to these proceedings; and

D. That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

OPERATING ENGINEERS LOCAL 965<br>
HEALTH BENEFIT PLAN, *et al.*,<br>
Plaintiffs,<br><br>
By:   s/ Timothy J. Shrake II<br>
TIMOTHY J. SHRAKE II<br>
CAVANAGH & O'HARA LLP

Attorneys for Plaintiffs
2319 W. Jefferson Street
Springfield, Illinois 62702
Telephone: (217) 544-1771
Facsimile: (217) 544-9894
timshrake@cavanagh-ohara.com